## Gunther-Wright Machine Co. v. Lancaster, By, et al.

(Decided October 24, 1911.)

### Appeal from Daviess Circuit Court.

Master and Servant—Dangerous Place to Work—Inexperienced Boy—Injury—Recovery.—An inexperienced boy, 17 years old was employed to work in a machine shop and was directed by the foreman to oil certain machinery up near the roof of the shop which was from 20 to 35 feet high and in doing so fell and was severely injured. He recovered $750 in damages and the company appeals. Held, that the boy had no warning that the situation was dangerous, that the lower court properly instructed the jury and the verdict is not excessive.

R. A. MILLER, C. S. WALKER for appellant.

LA VEGA CLEMENTS, WATKINS & BIRKHEAD for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee, a boy about seventeen years of age, was employed to work in a machine shop of appellant. He had never worked in such shops, and had worked at this place for only about three weeks when he received the injuries for which he sues. He was employed to fire the boiler and do such other work as the foreman might direct him to do. The foreman, William Arnold, directed him to oil the shafts which were situated near the roof of the shop. The witnesses vary as to their distance from the floor from twenty to thirty-five feet. According to appellee, this was the second time he had undertaken to oil the shafts. Arnold oiled one of the shafts to teach the boy how to oil the other; he told appellee to be careful and set the ladder so that it would not slip at the bottom. Appellee fixed the ladder in the presence of Arnold, as-

cended it, oiled one shaft and reached over to oil another when he was caught by a set screw in the shaft already oiled, which tore a considerable part of the muscle from his arm and cut and bruised most all the flesh on it. He instituted this action to recover damages and secured a verdict for $750.

The petition was founded upon the fact that appellee was inexperienced in that line of business which was known to appellant. He alleged and testified that he knew nothing of this set screw, that appellant had negligently failed to warn him of it and to have it guarded; that he had received no instructions with reference to his duties except to set the ladder so that it would not slip and was shown the holes in the boxing where the oil was to go. There was scarcely any contradiction of these facts. There was some proof to the effect that if appellee had set the ladder at a different place he could have done the oiling without reaching over the set screw, and also some testimony to the effect that the shaft was revolving only about fifty revolutions per minute, and if appellee had been paying any attention he could have seen the set screw before reaching over it. Appellee testified that he did not know of and had never been informed with reference to the set screw and that he was of the opinion that one place was as safe as another to oil the shaft, and besides he ascended the ladder for the purpose of oiling the shaft in the presence of the foreman and he received no warning that it was a dangerous place. These shafts and set screws were unguarded. These facts make it plain that appellant was not entitled to a peremptory instruction. The lower court properly presented the law of the case to the jury. The verdict is not excessive. This court has so often passed upon the legal questions involved, that we deem it unnecessary to cite authorities.

For these reasons the judgment of the lower court is affirmed.